## OUTCAULT ADVERTISING CO. v. THORNTON et al. .

(Court of Civil Appeals of Texas. Texarkana. Feb. 5, 1914.)

1. SALES (§ 161*) — DELIVERY TO CARRIER — PERFORMANCE BY SELLER.

Where plaintiff contracted to sell and deliver certain advertising matter to defendants f. o. b. cars at Chicago, defendants to pay freight charges, and plaintiff delivered the goods to the carrier in Chicago in ample time for transportation to defendants to fulfill the contract, it was no defense to plaintiff's right to recover thereunder that defendants failed to obtain the goods from the carrier in time because of the latter's refusal to deliver the goods without defendants' surrender of the bill of lading.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. § 161.*]

2. CARRIERS (§ 83*) — TRANSPORTATION OF FREIGHT—DELIVERY—PRODUCTION OF BILL OF LADING.

Though railway companies should usually require production of the bill of lading before delivery of goods to a person demanding them, it is not entitled to surrender of the bill of lading under all circumstances as a condition precedent to delivery to the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 308–315; Dec. Dig. § 83.*]

Appeal from Franklin County Court; J. J. Walker, Judge.

Action by the Outcault Advertising Company against R. A. and E. Thornton, to which defendants impleaded the Illinois Central Railway Company and the St. Louis Southwestern Railway Company of Texas, against whom they set up a cross-action. A judgment was rendered in favor of defendants Thornton, and in favor of the railway companies on the cross-action, and plaintiff appeals. Reversed.

S. D. Goswick, of Mt. Vernon, for appellant. C. O. James, of Sulphur Springs, for appellees.

LEVY, J. The suit originated in the justice court and was appealed to the county court. The appellant sued appellee Thorntons, a mercantile copartnership, for $130, less a credit of $22.50, alleged to be owing for certain advertising matter furnished under the terms of a written order therefor. The defendant Thorntons specially plead in avoidance a failure on the part of the plaintiff to deliver the advertising matter in accordance with the terms of the order. Also, the defendant Thorntons made the Illinois Central Railway Company and the St. Louis Southwestern Railway Company of Texas parties to a cross-action by which they sought to recover the value of the advertising matter upon the alleged ground of negligent delaying· and failure to deliver such shipment to appellees. The railway companies answered the cross-action by general denial. In a jury trial the verdict was in favor of the defendant Thorntons, and in favor of the railway companies on the cross-

action. The appellee Thorntons did not appeal from the judgment in favor of the railway companies against them.

[1] The ninth assignment by intendment complains of the action of the court in failing to instruct a verdict for the plaintiff under the facts proven. And we conclude that the contention should be sustained, for the admitted facts conclusively establish the right of appellant to a judgment. It appears that the appellee Thorntons are doing a mercantile business in Mt. Vernon, Tex., and that appellant is engaged at Chicago, Ill., in the business of printing matter and making cuts and plates to be used by merchants in newspapers in advertising their line of mercantile business. On February 4, 1910, the appellee Thorntons gave the following written order: "The Outcault Advertising Company, 334 Dearborn Str., Chicago, Ill. For one year beginning April 1, 1910, ship us, at our expense, your Buster Brown 'Ad Service,' consisting of one Buster Brown cut for each week, 250 Buster Brown souvenir post cards for each month, one font Buster Brown type, 8 lbs. in font, with first shipment only, one set Merry Widow ads. We agree to pay you net cash monthly at the rate of $2.50 per week. We to have exclusive right to use the Buster Brown Ad Service in our city only, and to hold type and cuts subject to your order when this contract expires. Send us also during the terms of this contract, subject to above conditions, Buster Brown post cards for each month at $8.00 per 1000, fonts brown type, 8 lbs. in font, once." The advertising company accepted the order and shipped all the articles named in the order in two separate shipments. The first shipment by express contained the advertising matter and cuts ordered to cover April and May, 1910. The second shipment was on March 21, 1910, by freight and under a general, or open, bill of lading, and contained the balance of all articles ordered. The appellees admit that they received the first shipment, and paid for the same. In respect to the second shipment, the following is the entire evidence of appellee E. Thornton, the only witness for appellees testifying: "Some time about the first or middle of April, Ben Burron, a drayman, informed me that there were some boxes of freight in the depot for us, and I went to see about it and found that it was the balance of the advertising service sued for. The plaintiffs had not sent us any bill of lading, and Mr. Black, who worked in the depot, refused to let me have them without the bill of lading, and told me to write to plaintiffs and get the original bill of lading, which I did; but they never did send it to me. Some time afterwards the agent informed me that he had received the waybill and that he would let me have the goods; but it was then too late for me to use them, as it would leave a period of time between the advertising matter that I had and that was in the depot, and I considered that it would be without any value to me after it was disconnected, and I refused to accept it." And the defense of appellees to the suit of appellant rests entirely, in this record, in this testimony offered by the appellees. The testimony, as seen, admits the fact that the last shipment "was the balance of the advertising matter sued for," and same had reached the depot in Mt. Vernon, to appellees' knowledge, "about the first or middle of April." Under the terms of the written order, the appellant was only required, in order to fully perform the agreement, to deliver to the railway company f. o. b. the cars at Chicago the goods named in the order. And as the evidence admittedly established the performance of all the terms of the agreement, the appellant was entitled to a judgment at the hands of the court. Appellees argue that, as there was failure on the part of appellees to promptly get the goods out of the depot without the production of a bill of lading, there is shown a complete defense to the agreement made with appellant. The appellant having performed all that was required of it under the terms of the agreement of sale and delivery, the delay of delivery by and the requirement of the railway company in respect to the delivery of the goods to appellees, the consignees thereof on an open bill of lading without restrictions, became and were questions arising between appellees and the railway companies on the cross-action for damages. The railway company was bound to deliver the goods to appellees upon tender by them of the freight charges. And appellees contracted to pay the freight charges.

[2] Although a railway company should usually require the production of the bill of lading before it delivers goods to the person demanding them, yet it is not entitled under all circumstances to insist upon the surrender of the bill of lading as a condition precedent to the delivery of the property. Railway Co. v. McCown, 25 S. W. 435. And it appears that the railway company did offer to deliver the goods to appellees at a subsequent time, which is not given in the record, and appellees refused to accept them. However, it is unnecessary to pass upon the question of liability of the railway company, as appellees do not appeal from the judgment in its favor. It is made to appear quite conclusive, we conclude, that the failure of appellees to take the goods out of the depot is not attributable to the breach of any term of agreement on the part of appellant.

The judgment is reversed and here rendered for appellant against appellee Thorntons for the sum sued for and for all costs of the courts below and of this court. The judgment in favor of the railway companies against appellees will remain undisturbed.